THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* PIZARRO,
DEFENDANT AND APPELLANT.

# APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Mayhem.

## No. 689.—Decided June 17, 1914.

INFORMATION—STATUTORY LANGUAGE.—When an information follows the wording of the statute defining the crime, as a general rule the information is sufficient unless certain acts are necessary to constitute the crime.

ID.—MAYHEM—INTENTION.—As the Penal Code does not require that a specific intention be proved in order to secure conviction for the crime of mayhem, inasmuch as every person must answer for the natural consequences of his wilful or malicious acts, the information need not allege intention to commit mayhem.

MAYHEM—CONSTRUCTION OF LAW.—According to section 212 of the Penal Code, the crime of mayhem is committed, among other cases, when a human being is deprived of any member of his body, whether an important member or not, and said section was not amended by Act No. 22 of March 11, 1913.

ID.—DISABLEMENT—IMPORTANT MEMBER OF BODY—QUESTION OF FACT.—Whether the loss of a member of the human body renders useless any important member is a question of fact to be weighed and determined by the jury and need not be alleged in the information.

ID.—IMPORTANT MEMBER OF BODY.—Fingers are important members of the body, but their disability depends upon the number lost and the place where they are cut off.

ID.—INSTRUCTIONS TO JURY—IMPORTANT MEMBER OF BODY—AGGRAVATED ASSAULT AND BATTERY.—In this case the court gave, among others, the following instruction to the jury: "If, in view of the evidence introduced, the jury is satisfied that this man is deprived of a part of his body but not of an essential part, that the part is not an essential member of his body, then the jury, in that case only, considering the evidence introduced on that point, may find that the accused is not guilty of the crime of mayhem, but of aggravated assault and battery, in case they find him guilty." *Held:* That such instructions are not erroneous.

ID.—LOSS OF FINGERS—QUESTION OF JURY.—In a case of mayhem by the loss of four fingers of one hand, there is no need to introduce special evidence as to whether the hands are or are not important members of the body, for it is the province of the jury to decide without evidence whether a certain member of the human body is or is not important.

ID.—VERDICT—AGGRAVATED ASSAULT AND BATTERY—ONUS PROBANDI.—The crime of mayhem is proven when the *fiscal* proves that the accused deprived another person of a member of his body, and if the accused fails to prove that

such member is not important, or that fact is not shown by the evidence introduced by the *fiscal* himself, the verdict should be for mayhem and not for aggravated assault and battery.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Manuel F. Rossy* for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged before the District Court of San Juan, Section 2, with the crime of mayhem in having wilfully, maliciously, and unlawfully wounded Arturo Rivera with a *machete*, cutting off four fingers of his left hand.

At the trial before a jury, after hearing the evidence the jury found him guilty of the crime of mayhem. Thereupon the appellant moved for a new trial and, his motion having been overruled, he was sentenced to imprisonment for one year and six months in the penitentiary at hard labor. From that judgment and from the decision denying him a new trial, the present appeal was taken by the defendant.

Although the appellant did not file a brief in support of his appeal, nevertheless his attorney appeared at the hearing and made an oral argument, contending that the information was insufficient because it did not state that the appellant had the specific intention of committing mayhem or that the member of which the injured person was deprived was one of the principal members of his body. He also contended that a new trial should have been granted for the reasons shown in his motion therefor. Section 212 of the Penal Code relating to mayhem reads as follows:

"Section 212.—Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear or lip, is guilty of mayhem."

Comparing the foregoing with the wording of the information referred to at the outset, we see that the latter follows the language of the statute and we have already held in

other cases that, as a general rule, this is sufficient unless certain facts are necessary to constitute the offense. *The People v. Ortiz et al.,* 17 P. R. R., 860.

Besides, as it is not necessary under the code to prove a specific intention in order that mayhem may be held to have been committed, inasmuch as every person must answer for the natural consequences of his wilful and malicious acts, it is not necessary that the information allege such intention to commit mayhem.

As to the other point that in order that an information charging the crime of mayhem may be held to be sufficient it must be alleged that the injured person was deprived of an important member of his body, we will say that section 212 of the Penal Code has not been amended since its approval, hence mayhem is committed, among other cases, when a person is deprived of any member of his body, whether important or not.

It is true that Act No. 22 of March 11, 1913, amending section 286 of the Code of Criminal Procedure, provides that "On an information for the crime of mayhem, the jury may find the defendant guilty of the crime of aggravated assault and battery, or of simple assault and battery, provided that at the trial it has been proved that the person assaulted has not been *rendered wholly useless, so far as concerns any* (deprived of the use of some) important member of his body." However, this act does not provide that the mutilation of an unimportant member of the human body constitutes the crime of aggravated or simple assault and battery, but that supposing that the injured person has lost a member of his body, which is what constitutes mayhem, the jury is authorized, in case it should be proved that the said loss does not totally deprive him of the use of some important member of his body, to classify the offense as assault and battery. Mayhem is committed whenever the victim is deprived of some member of his body although the said act, which undoubtedly seeks to mitigate the penalty, allows the jury to

classify it as assault and battery when it is shown that no important member of a person's body has been rendered useless. Therefore, an information which charges only the loss of a member of the human body is sufficient to charge the crime of mayhem, and whether or not such loss causes the inutility of some important member is a question for consideration and determination by the jury and need not be alleged in the information. For example, fingers are undoubtedly important members of the human body because without them objects cannot be grasped, but as to whether they are rendered completely useless or not depends upon the number lost and the place where they were cut off.

We will now proceed to consider the grounds of the motion for a new trial which was overruled. They are as follows:

"1. Because the court erroneously charged the jury on the point as to whether or not it was proven that the member of which the victim had been deprived by the act which originated this action was an important member. Subdivision 5 of section 303 of the Code of Criminal Procedure.

"2. Because the verdict is contrary to the evidence as it was not shown by the information that the victim had suffered the loss of an important member.

"3. Because the verdict is contrary to law inasmuch as the court charged the jury that in order to determine whether the act constituted the crime of mayhem or of aggravated assault and battery it was necessary for the accused to prove that the injury suffered by the victim did not result in the loss of an important member."

At the trial it was proved that the victim, who is left-handed, was deprived of four fingers of his left hand by a *machete* in the hands of the appellant, namely, the first, second, third, and fourth fingers, leaving only the thumb of the said hand.

The court charged the jury as to what should be considered an important member of the human body and left it to determine whether or not as a consequence of the loss of his fingers he had been deprived of the use of an important mem-

ber of his body, explaining that in the second case the jury could return a verdict for aggravated assault and battery. The instructions on this point were as follows:

"Legislators have always considered the crime of mayhem to be a specific offense—one which is not related to any other act; that is, that a person accused of this crime cannot be convicted of a lesser offense. A charge of mayhem is not like a charge of murder, for example, where the accused may be convicted of homicide, or like a charge of attempt to kill, where the accused may be convicted of assault with intent to commit homicide.

"This crime has always been considered by legislators as an indivisible crime, so that a man who is accused of mayhem must be convicted of that crime or acquitted, there being no intermediate degrees.

"It seems that the legislators have desired to reduce somewhat the gravity of that crime, which gravity rests, of course, on its nature and on the extent of the penalty which may be imposed, therefore the Legislative Assembly has recently enacted a law providing that a person charged with mayhem may be convicted of the crime of aggravated assault and battery, provided that it is proved at the trial that the victim has not lost the use of any important member of his body. So, then, when a charge of mayhem is submitted to a jury because the *fiscal*, who is in charge of the prosecution, considers that the victim has been deprived of an important member of his body, such, for example, as an arm, a leg or any other special member necessary in his work or business, the jury, if satisfied, in the light of the evidence introduced, that the victim, although deprived of a part of his body, has been deprived of only an unessential or unimportant member, in that case alone, taking into consideration that it has been so proven, may find that the accused is not guilty of mayhem but of aggravated assault and battery, in case they find him guilty.

"But, I repeat, that for the jury to do this and to comply with the law it must be shown to them clearly and unequivocally that the accused has not been deprived of an important member of his body. Only in this case can they convict the accused of a lesser offense than that of mayhem."

After reading the foregoing we cannot hold that the court committed the error attributed to it in the first ground of the motion for a new trial.

As to the second ground, we have already said that the evidence shows that the victim lost four fingers of one of his hands, for which reason it cannot be sustained, as claimed by the appellant, that it is not proven that he suffered the loss of a principal member, for the hands are of the most important members of the body; and although it is true that no special evidence was offered to show whether the hands are or are not important members of the body, such evidence was not necessary because it is within the province of the jury to determine without the aid of evidence whether a certain member of the human body is or is not important.

After considering the third and last of the grounds on which the motion for a new trial is based, we cannot reach the conclusion maintained by the appellant that the court committed error in instructing the jury that in order for them to find a verdict of assault and battery it was necessary that it be proven that the injury suffered by the victim did not deprive him of an important member of his body and, therefore, that the verdict is contrary to law.

Among other things, we have already said that the crime of mayhem is committed by depriving a person of a member of his body and, therefore, when the *fiscal* has proved that fact he has established a case of mayhem; but as the Act of 1913 allows the offense to be punished as assault and battery, if it is proved that the said lost member is not an important one, it is clear that the burden is on the accused to prove that fact. In other words, what the *fiscal* must prove in cases of this kind is that the accused deprived another person of a member of his body, and if the accused fail to prove that such member is unimportant or that fact is not shown by the evidence introduced by the prosecution, the verdict should be for mayhem and not for assault and battery. Hence the lower court did not commit the error attributed to it.

The judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.